**Jeffrey A. KENDALL, Plaintiff–Appellant,**

v.

**William J. FISSE, Laurie Ledford, Gilbert Sutcliff, Lawrence Phillips, Citibank, N.A., Citigroup Inc., Defendants–Appellees.**

**No. 04–3761.**

United States Court of Appeals, Second Circuit.

Aug. 29, 2005.

Ruth M. Pollack, Pollack & Kotler, Mineola, NY, for Appellant.

Joseph Baumgarten, Proskauer Rose LLP, New York, NY, for Appellees.

PRESENT: JACOBS, KATZMANN, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Jeffrey Kendall appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*), granting summary judgment in favor of Defendants–Appellees and denying Kendall's motion for sanctions. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998).

The district court dismissed properly as time-barred Kendall's claim for employment discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*, as Kendall failed to file a claim with the Equal Employment

Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act, namely his termination, as required by the ADA. *Kendall v. Fisse*, No. 00–Civ–5154, 2004 WL 1196811, at *1, *3 (E.D.N.Y. May 25, 2004). Kendall argues for the first time on appeal that the 300–day limitations period should be equitably tolled because of his alleged mental disability. Because Kendall failed to raise this argument before the district court, however, we do not consider it now. *See United States v. Angell*, 292 F.3d 333, 337 (2d Cir.2002).

■ As to Kendall's claims for employment discrimination pursuant to New York State Human Rights Law ("NYSHRL"), N.Y. McKinney's Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–101, *et seq.*, the district court held that Kendall's claim of unlawful termination was timely, but that the applicable three-year statute of limitations barred Kendall from complaining about conduct that preceded August 1997. *Kendall*, 2004 WL 1196811, at *3–*4. Kendall argues, however, that because he was subjected to an "ongoing policy of discrimination," he should be permitted to bring suit based on the time-barred claims pursuant to the "continuing violation" exception set forth in *Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 981–982 (5th Cir.1983). Although the district court considered this argument (and rejected it), we need not as the Supreme Court has rejected the continuing (or serial) violation exception. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (holding that because "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," they are "not actionable if time barred, even when they are related to acts alleged in timely filed charges").

■ With respect to his remaining discrimination claims, Kendall has the burden to establish that: (1) Defendants–Appellees are subject to the NYSHRL and NYCHRL; (2) he was disabled within the meaning of those laws; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability. *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir.2001). The only contested issue on appeal is whether Kendall was otherwise qualified to perform the essential functions of his job with or without reasonable accommodation. As the district court properly found, Kendall failed to present evidence that he was qualified; instead, the record indicates that Kendall stated in a benefits application submitted to the Social Security Administration ("SSA") that he was unable to work since November 1998, just after he received notice of his termination. *Kendall*, 2004 WL 1196811, at *5–*6. The SSA declared Kendall permanently disabled on the basis of those statements. Based on this unexplained inconsistency, we conclude that Kendall cannot meet his burden of proof on his discrimination claims. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999).

Kendall also alleges that Defendants–Appellees improperly terminated him to prevent him from receiving severance pay and benefits in violation of § 510 of the Employee Retirement Income Securities Act ("ERISA"), 29 U.S.C. § 1140. Because Kendall conceded that he received severance benefits, and because Kendall failed to show that Defendants–Appellees had the specific intent to engage in conduct prohibited by ERISA, the district court properly dismissed this claim.

Finally, we conclude that the district court did not abuse its discretion, *see* *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 333 (2d Cir.1999) ("We review all aspects of a District Court's decision to impose sanctions for abuse of discretion."), in declining to sanction Defendants–Appellees for allegedly "dishonest conduct," as Kendall failed to establish that he was prejudiced by Defendants–Appellees' conduct or that they acted in bad faith.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**