10-150-cv
Christine Duttweiler v. Eagle Janitorial Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand eleven.

Present:
        JOHN M. WALKER, JR.,
        CHESTER J. STRAUB,
        ROBERT A. KATZMANN,
            *Circuit Judges*.

_____

CHRISTINE DUTTWEILER,

     *Plaintiff-Appellant*,

        v.                            No. 10-150-cv

UPSTATE BUILDING MAINTENANCE COMPANIES, INC., EAGLE JANITORIAL SERVICES, INC.,

     *Defendants*,

EAGLE JANITORIAL INC., EAGLE BUILDING SERVICES INC., LOCAL 200 UNITED SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO,

     *Defendants-Appellees*.[*]

_____

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

For Plaintiff-Appellant:                    WOODRUFF LEE CARROLL, Carroll & Carroll Lawyers
                                            PC, Syracuse, N.Y.

For Defendant-Appellee Local 200
United Service Employees
International Union, AFL-CIO:                MAIREAD E. CONNOR, Law Offices of Mairead E.
                                            Connor, PLLC, Syracuse, N.Y.


      Appeal from a judgment of the United States District Court for the Northern District of

New York (Suddaby, *J.*).

      **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

      Plaintiff-Appellant Christine Duttweiller appeals from a December 22, 2009 judgment of

the United States District Court for the Northern District of New York (Suddaby, *J.*) dismissing

her complaint in its entirety.  Duttweiller commenced this action against her former union,

Defendant-Appellee Local 200 United Service Employees International Union, AFL-CIO (the

"Union"), and her former employer, Defendants-Appellees Eagle Janitorial Inc. and Eagle

Building Services Inc. (collectively, "Eagle"), asserting various claims arising from her

termination by Eagle in January 2005.  In her corrected and amended complaint, she alleges, *inter*

*alia*, that the Union violated its duty of fair representation implied under the National Labor

Relations Act, 29 U.S.C. § 159(a), that Eagle breached its collective bargaining agreement with

the Union, and that both the Union and Eagle failed to accommodate her alleged disability and

discriminated against her in violation of the Americans with Disabilities Act of 1990 ("ADA"),

42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y.

Exec. Law § 290 *et seq.*  The Union and Eagle separately moved for summary judgment, and the

district court granted those motions in decisions and orders respectively dated June 4, 2009 and December 22, 2009. We assume the parties's familiarity with the underlying facts, the remaining procedural history, and the issues presented on appeal.

"We review a grant of summary judgment *de novo*, examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003). Summary judgment should be granted "only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). We review the district court's discovery and evidentiary rulings for abuse of discretion. *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008); *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007).

We turn first to Duttweiller's challenges to the district court's discovery and evidentiary rulings. In this regard, Duttweiller principally contends that it was error for the district court to have denied her application, made by letter dated October 13, 2008, to supplement the record with respect to the Union's motion for summary judgment with an affidavit and letter from Dr. Brian Rieger, a rehabilitation psychologist who had been treating Duttweiller since February 2006.[1] Two days later, in denying this application without prejudice, the district court noted the following:

> Plaintiff has not shown cause as to why she did not include the affidavit in question in her original papers in opposition to [the Union's] motion for summary judgment, which raises a challenge to whether Plaintiff has a disability under the ADA. Should the Court

[1] Pursuant to the district court's briefing schedule, which had already been extended at Duttweiller's request and which indicated that no further extensions would be considered, all answering papers were to be filed by no later than September 2, 2008.

3

decide that the affidavit in question is material to the proceedings, it will entertain future requests.

J.A. 20 (citation omitted). On November 2, 2009, as part of her submission opposing Eagle's separate, later-filed summary judgment motion, Duttweiller filed a more detailed affidavit from Dr. Rieger dated October 30, 2009. The district court considered this October 30 affidavit not only in connection with Eagle's motion, but also in light of its earlier decision to grant the Union's motion, which it reaffirmed on the basis that the affidavit did not establish facts that were material to Duttweiller's allegations of disability discrimination. By ultimately considering the affidavit as it bore upon the claims against the Union, the district court provided Duttweiller with the very relief that she sought in her October 13, 2008 letter. Against this background, we find no error in the district court's treatment of Dr. Rieger's affidavits.

Next, insofar as Duttweiller challenges the district court's decision to grant in part the Union's motion to strike certain portions of Duttweiller's own affidavit in opposition to the Union's summary judgment motion, we conclude that her presentation of that challenge is too perfunctory to preserve appellate review. Duttweiller's opening brief purports to reserve her arguments regarding that ruling until the filing of her reply brief, at which point she would respond to the defendants' contentions. While the reply brief does contain limited argument in support of the affidavit's admissibility *in toto*, an appellant's failure to advance argument on an issue in her opening brief generally precludes our review of that issue, *see Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see also Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001), and we see no reason to relax this prudential rule in the circumstances of this case.

As to the merits of the district court's decisions granting summary judgment in favor of

4

the defendants on all claims, after careful review of the record, we affirm substantially for the reasons stated in the district court's thorough and well-reasoned orders. *See Duttweiler v. Eagle Janitorial, Inc.*, No. 05-cv-0886, 2009 WL 5171834 (N.D.N.Y. Dec. 22, 2009); *Duttweiler v. Eagle Janitorial, Inc.*, 2009 WL 1606351 (N.D.N.Y. June 4, 2009). With respect to Duttweiler's claims of disability discrimination, we note in particular our agreement with the district court's conclusions that Duttweiler failed to provide sufficient evidence that she suffered an adverse employment action because of her alleged disability, or, alternatively, that Eagle's non-discriminatory reason for terminating Duttweiler was pretextual. These conclusions provide sufficient reason to dismiss these claims, even if we were to assume *arguendo* that Duttweiler had created genuine issues of material fact as to the other elements of her prima facie disability discrimination case under the ADA or the NYSHRL. *See Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (per curiam); *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003).

We have considered Duttweiler's remaining arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK