**Juan A. LABOY, Plaintiff,**

v.

**ONTARIO COUNTY, NEW YORK; Office of the Sheriff, County of Ontario; Sheriff Philip C. Provero, individually and in his official capacity; Deputy Rebecca Edington, individually and in her official capacity; Deputy Nathan Bowerman, individually and in his official capacity; and Deputy Patrick Fitzgerald, individually and in his official capacity, Defendants.**

No. 14–CV–6086 EAW.

United States District Court, W.D. New York.

Signed Oct. 28, 2014.

---

David Michael Abbatoy, The Abbatoy Law Firm, PLLC, Rochester, N.Y. for Plaintiff.

Michael G. Reinhardt, Lowenstein Sandler LLP, Canandaigua, NY, Eric D. Handelman, Handelman, Witkowicz & Levitsky, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### *INTRODUCTION*

Plaintiff Juan A. Laboy ("Plaintiff") brought this action against Ontario Coun-

ty, the Ontario County Sheriff's Office, Sheriff Philip C. Provero, Deputy Rebecca Edington, Deputy Nathan Bowerman, and Deputy Patrick Fitzgerald (the "Defendants"), pursuant to 42 U.S.C. § 1983, alleging malicious prosecution, excessive use of force and unlawful arrest, and deliberately indifferent policies, practices, customs, training, and supervision. (Dkt. 1). Presently before the Court is Defendants' motion to strike Plaintiff's motion for miscellaneous relief. (Dkt. 21). For the following reasons, Defendants' motion is granted. Plaintiff is directed to re-file his motion for miscellaneous relief as two separate motion filings within ten business days of entry of this Decision and Order.

## PROCEDURAL HISTORY

Plaintiff filed his complaint on February 24, 2014. (Dkt. 1). On My 25, 2014, Defendants filed a motion to dismiss. (Dkt. 14). The Court set a briefing schedule requiring Plaintiff's response to be filed by September 2, 2014. (*Id.*).

On September 2, 2014, Plaintiff filed a motion that he labeled a "motion for miscellaneous relief." (Dkt. 16). Plaintiff's motion seeks partial summary judgment against Defendants and also responds to Defendants' motion to dismiss. (*Id.*). Plaintiff submitted a memorandum of law in support of this motion that is 59 pages in length. (Dkt. 17). Plaintiff also attached Exhibits A–K to his motion papers, but Exhibits F and I were not filed until September 3, 2014, one day after the date on which Plaintiff's response was due. (Dkt. 20).

On September 2, 2014, the date Plaintiff's response was due, Plaintiff's counsel contacted the Court by telephone and advised that his memorandum of law was 59 pages long, and that he had just become aware that the deadline to request permission to exceed the 25–page limit had passed.[1] L.R. Civ. P. 7(a)(2)(C) limits any memoranda in support of or in opposition to a motion to 25 pages. On September 4, 2014, the Court received courtesy copies of Plaintiff's motion papers and an enclosure letter, relating that Plaintiff's counsel was unaware of the Court's 25–page limit for response memoranda of law until he attempted to upload his oversized memorandum onto CM/ECF. Plaintiff's counsel also requested that the Court accept the memorandum of law in its present state, and treat the letter as a request for an exception to the 25–page limit *nunc pro tunc.* (Dkt. 19).

On September 4, 2014, Defendants filed a motion to strike Plaintiff's motion for miscellaneous relief, arguing: (1) some of the exhibits attached to Plaintiff's motion for miscellaneous relief were filed one day after the date on which his response was due; and (2) Plaintiff's memorandum of law exceeds the 25–page limit set by Local Rule 7(a)(2)(C), and Plaintiff failed to seek permission to exceed this page limit. (Dkt. 21–1 at ¶¶ 7, 9). Plaintiff filed a response on September 19, 2014 (Dkt. 23), and Defendants replied on September 26, 2014. (Dkt. 24).

For the reasons set forth below, the Court denies Defendants' motion to strike as it relates to Plaintiff's filing of Exhibits F and I one day after the date on which his response was due, but grants the mo-

---

**1.** Pursuant to the undersigned's Chambers Procedures, "a party may request leave to exceed [the 25–page limit on response memoranda prescribed by L.R. Civ. P. 7(a)(2)(C)] by letter sent by fax to Chambers, with copies to all counsel, and said request may be made up to one business day before the filing deadline. The request shall identify the amount of additional pages requested." *See* Chambers Procedures of Hon. Elizabeth A. Wolford, *found at* http://www.nywd.uscourts.gov/hon-elizabeth-wolford.

tion to strike based on Plaintiff's filing of an oversized and hybrid memorandum of law.

## DISCUSSION

### I. Plaintiff's Filing of Exhibits One Day After His Response Deadline

 "District Courts may grant extensions of time in purely procedural matters upon a showing of 'excusable neglect.'" *Lee v. ITT Standard,* 268 F.Supp.2d 315, 329 (W.D.N.Y.2002), *adopted by* 268 F.Supp.2d 315 (W.D.N.Y. 2002) (quoting Fed.R.Civ.P. 6(b)(2) and *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995)). "'Excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of [the] movant.' Rather, it may encompass delays 'caused by inadvertence, mistake or carelessness,' at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and the movant's excuse has some merit." *LoSacco,* 71 F.3d at 93 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)) (internal citations omitted).

██ Here, Plaintiff filed Exhibits F and I one day late. Plaintiff contends that on September 2, 2014, the date Plaintiff's response was due, Plaintiff's counsel uploaded his motion documents to the CM/ECF filing system, but Exhibits F and I failed to upload. However, Exhibits F and I were successfully uploaded the following day. (Dkt. 23 at ¶¶ 6, 8). Plaintiff's counsel also mailed to Defendants a hard copy of his entire motion submission, including Exhibits F and I, on September 2, 2014. (*Id.* at ¶ 7).

Plaintiff's one-day delay in uploading Exhibits F and I was not excessive and did not result in prejudice to Defendants. *See Kendall v. Fisse,* No. 00 CV 5154(SJ), 2004 WL 1196811, at *1 n. 1, 2004 U.S. Dist. LEXIS 28505, at *2 n. 1 (E.D.N.Y. June 1, 2004), *aff'd,* 149 Fed.Appx. 19 (2d Cir.2005) ("Even if Plaintiff did submit his opposition papers five days late, this delay was not excessive and did not result in great prejudice to Defendants."). Even Defendants note that Plaintiff's late filings were the result of law office failure (Dkt. 24–2 at ¶ 11) or, in other words, that they were the result of "inadvertence, mistake or carelessness," and qualify as excusable neglect according to the factors articulated in *Pioneer* and *LoSacco.* Therefore, Defendants' motion to strike Plaintiff's motion for miscellaneous relief based on the late filing of Exhibits F and I is denied.[2]

### II. Plaintiff's Oversized Memorandum of Law

Local Rule of Civil Procedure 7(a)(2)(C) states, in relevant part:

> **Page Limits.** Memoranda in support of or in opposition to any motion shall not exceed twenty-five pages in length, and

---

2. To the extent that Defendants move to strike certain exhibits from Plaintiff's motion for miscellaneous relief because they are improper for the Court to consider on a motion for summary judgment (Dkt. 24–2 at ¶¶ 15–20), the requested relief is denied without prejudice. Whether the Court may consider certain exhibits attached to Plaintiff's motion papers will be addressed by the Court at the time it decides Plaintiff's motion, and not on a motion to strike. Similarly, to the extent Defendants move to strike Plaintiff's motion for miscellaneous relief because Plaintiff is attempting to "bootstrap" a new, unlawful arrest claim around his complaint (Dkt. 24–2 at ¶ 27), this requested relief is also denied without prejudice. Defendants may renew these arguments in connection with their submissions on the underlying motions.

reply memoranda shall not exceed ten pages in length.

L.R. Civ. P. 7(a)(2)(C). The undersigned's Chambers Procedures provide that a party may request leave to exceed the page limit set by Local Rule 7(a)(2)(C) by letter sent by fax to chambers, with copies to all counsel, identifying the number of additional pages requested. A request to exceed page limits may be made up to one business day before the filing deadline, and must identify the amount of additional pages requested.

■ Plaintiff's memorandum of law in support of his motion for miscellaneous relief is 59 pages long. (Dkt. 17). However, Plaintiff contends that his memorandum of law is only nine pages longer than is permitted by Local Rule 7(a)(2)(C), since it responds to Defendants' motion to dismiss and supports his motion for partial summary judgment. (Dkt. 23 at ¶ 12). In other words, Plaintiff argues that because his memorandum of law contains argument on two motions, he is permitted 50 pages of argument, rather than 25 pages. In response, Defendants argue that it is impossible to determine which portion of Plaintiff's memorandum of law responds to their motion to dismiss, and which portion supports the motion for partial summary judgment. (Dkt. 24–1 at 2–4).

■ A district court has discretion in deciding whether to strike a submission not in compliance with a local rule. *See Duttweiller v. Eagle Janitorial, Inc.*, 190 L.R.R.M. 2188, 2009 WL 5171834, at *3 n. 4, 2009 U.S. Dist. LEXIS 119181, at *8 n. 4 (N.D.N.Y. Dec. 22, 2009), *aff'd*, 407 Fed. Appx. 552 (2d Cir.2011) (noting that a district court has discretion to strike inappropriate portions of a summary judgment affidavit, and refusing to strike plaintiff's memorandum of law, despite the fact that it violated the local rules of practice for the court); *Sunlight Solutions, LLC v. Birn-*

*baum*, No. 06CV638A, 2008 WL 508459, at *1–2, 2008 U.S. Dist. LEXIS 13037, at *2–3 (W.D.N.Y. Feb. 21, 2008) (denying defendants' motion to strike plaintiff's response to defendants' motion to dismiss, even where plaintiff did not request or obtain permission to exceed the page and font limitations set by the local rules). Other district courts have held that an opposition brief exceeding a page limit by 15 pages does not justify striking the submission. *See Kendall*, 2004 WL 1196811, at *1 n. 1, 2004 U.S. Dist. LEXIS 28505, at *2 n. 1.

While Plaintiff contends that his memorandum of law is only nine pages longer than the length permitted by Local Rule 7(a)(2)(C), a closer examination of the memorandum reveals that this is not the case. The pages in Plaintiff's memorandum of law are not divided equally between his motion for partial summary judgment and his response to Defendants' motion to dismiss; instead, the first 44 pages of the memorandum are devoted to Plaintiff's motion for partial summary judgment; while the last 15 pages address Plaintiff's opposition to Defendants' motion to dismiss. Therefore, it appears that the portion of Plaintiff's memorandum of law supporting his motion for partial summary judgment is 19 pages longer than is permitted by Local Rule 7(a)(2)(C), while the portion of the memorandum opposing Defendants' motion to dismiss is 10 pages shorter than the maximum page limit prescribed by Local Rule 7(a)(2)(C). Accordingly, Plaintiff's argument that his memorandum of law is only nine pages longer than is permitted by the local rule is inaccurate.

Perhaps more importantly, it is difficult to decipher which portions of Plaintiff's memorandum of law address his response to Defendants' motion to dismiss, and which portions address his motion for partial summary judgment. Although some

of Plaintiff's arguments are relevant to both the motion to dismiss and motion for partial summary judgment, the Court finds the format of Plaintiff's motion to be confusing and improper. *See McQueen v. Huddleston,* 17 F.Supp.3d 248, 250 (W.D.N.Y.2014) (defendant's filing of a hybrid answer/motion to dismiss was procedurally improper); *Dasilva v. One, Inc.,* No. 12–1286(DRD), 2013 U.S. Dist. LEXIS 160566, at *4–5 (D.P.R. Oct. 7, 2013) ("[m]otions to dismiss shall be filed separately from motions for summary judgment.... Hybrid motions only foster confusion and delay...."); *Visintine v. Zickefoose,* No. 11–4678(RMB), 2012 WL 6691783, at *2–3, 2012 U.S. Dist. LEXIS 180704, at *6–9 (D.N.J. Dec. 21, 2012) (same).

For example, multiple portions of Plaintiff's response to Defendants' motion to dismiss incorporate arguments made in support of Plaintiff's motion for partial summary judgment (*see* Dkt. 17 at 46, 52–53); however, the standard of review applied to each of these motions is distinct. Plaintiff must separate any argument supporting his response to Defendants' motion to dismiss from any argument supporting partial summary judgment, so that Defendants are able to respond, and this Court is able to effectively evaluate those arguments.

Considering Plaintiff's failure to abide by Local Rule 7(a)(2)(C) and the hybrid nature of his submission, Plaintiff's motion for miscellaneous relief is stricken. Plaintiff is directed to re-file his motion papers as two separate filings (one in opposition to the motion to dismiss, and one in support of partial summary judgment), in accordance with the page limits set forth in L.R. Civ. P. 7(a)(2)(C), within ten business days of entry of this Decision and Order. *See Della Femina's Red Horse Food Co. v. Incorp. Vill. of E. Hampton,* No. CV 94–2735, CV 95–0141, 1996 U.S. Dist. LEXIS 21196, at *9 (E.D.N.Y. Sept. 30, 1996) ("The parties are given leave to refile their motions as three separate motions, each with separate memoranda of law."). Supporting affidavits and exhibits must be clearly marked to indicate the motion to which they refer, and a copy of any exhibit relating to more than one motion should be included with each set of motion papers.

## CONCLUSION

Defendants' motion to strike Plaintiff's motion for miscellaneous relief is granted. Plaintiff is directed to re-file his motion for miscellaneous relief as two separate filings within ten business days of entry of this Decision and Order.

SO ORDERED.